IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MONICA PERKINS,**

        Petitioner,

v.                                             Civil No.: 5:20-CV-168
                                              (BAILEY)

**WARDEN P. ADAMS,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

On August 10, 2020, the petitioner filed this Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1], together with a Motion for Leave to Proceed *in forma pauperis*. [Doc. 2]. The petitioner is federal inmate housed at SFF Hazelton and is challenging the conditions of her confinement. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied for lack of jurisdiction.

**II.     THE PETITION**

The petitioner first alleges that the Bureau of Prisons ("BOP") is housing her in unsanitary and inhuman conditions. More specifically, she alleges from June 15, 2020 until June 19, 2020, she was confined to a locked cell without the use of running water as a means to maintain proper hygiene. In addition, she alleges that during that period

she was forced to smell her own feces because her toilet would not flush. She also alleges that there was a lack of air circulation. Apparently, water spontaneously came through her sink on June 16th from 3:30 p.m. until 5:00 p.m. The petitioner alleges that she filled her cup with water, drank it and brushed her teeth, as well. The petitioner contends that at approximately 7:00 p.m., she was give written notice that inmates were not to drink the water if it should come through their sinks. However, by that time, she had already drunk some water. Because of the lack of water at the Hazelton Complex, the plaintiff also alleges that she was exposed to a fire hazard. In addition, she alleges that until porta potties were delivered on June 18, 2020, she was denied any contact with her family and loved ones via email, and telephone/video visits.

In addition to her complaints about the water issue, the petitioner also makes numerous allegations regarding exposure to the corona virus, maintaining that one inmate tested positive. However, she maintains she has never been tested for the virus or antibodies and temperature checks have not been done. She also alleges that on June 25, 2020, over 80 inmates from her unit were permitted to go to outdoor recreation, thereby ignoring the 30 inmates at a time protocol.

She further alleges that she has been blocked/denied due process to her only form of administrative remedies. She also alleges that she is a pm compound worker, and during the pandemic, the am compound workers have been working both shifts thereby depriving her of work and money. Finally, she alleges that her character was defamed when a correctional officer called her a Broke Hoe."

For relief, the petitioner is requesting that the Court order testing for coronavirus and antibody testing upon confirmation of positive cases. She also requests that the

data be made known once any person is confirmed positive. She also requests that this Court order/recommend testing of water and air and a report be provided to her. She also asks that the Court order/recommend professional sanitation of all buildings. In addition, she requests that this Court order/recommend that Hazelton undergo a thorough investigation concerning OSHA and health code violations. Finally, she is requesting that the Court order/recommend that Hazelton follow all sanitation guidelines, rules, and regulations recommended by the CDC in an effort to control the rise of the Corona Virus pandemic.

### III.     STANDARD OF REVIEW

A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this

3

less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.   ANALYSIS

A §2241 petition is used to attack the way a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).  Therefore, to determine whether § 2241 is the appropriate remedy in this case, the Court must review whether the petitioner challenges the fact or duration of her confinement, or the conditions of her confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983).

Here, the petitioner does not attack the execution of her sentence.  Her claims are not in any way related to the execution of a sentence but instead relate solely to the conditions of her confinement. In fact, were the petitioner to succeed on the merits of her claims, the fact or duration of her confinement would remain the same. Therefore, the petitioner's claims should have been raised pursuant to a civil rights complaint.

4

Preiser 411 U.S. at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life); see also Wilkinson v. Dodson, 544 U.S. 74, 82 (2005) (remedy lies in a habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration).

For the foregoing reasons, the undersigned **RECOMMENDS** that the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to her right to file a Bivens action. In addition, the undersigned **RECOMMENDS** that the petitioner's Motion to Proceed in forma pauperis **[ECF No. 2]** be **GRANTED**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as

5

shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

    DATED:  August 13, 2020

                                               */s/ James P. Mazzone*
                                               JAMES P. MAZZONE
                                               UNITED STATES MAGISTRATE JUDGE